UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| HUNTINGTON TECHNOLOGY FINANCE, INC. f/k/a MACQUARIE EQUIPMENT FINANCE, INC. f/k/a MACQUARIE EQUIPMENT FINANCE, LLC<br><br>Plaintiff,<br><br>vs.<br><br>GARETT ALAN NEFF a/k/a GARY NEFF, JOHN MARK SCHMID, and DAVID KARL SCHMID<br><br>Defendants. | Case No. _____ |

## COMPLAINT

Plaintiff Huntington Technology Finance, Inc. f/k/a Macquarie Equipment Finance, Inc. f/k/a Macquarie Equipment Finance, LLC, by the undersigned counsel, files the within Complaint, and in support states the following:

### Parties

1. Plaintiff Huntington Technology Finance, Inc. f/k/a Macquarie Equipment Finance, Inc. f/k/a Macquarie Equipment Finance, LLC ("Huntington") is a lease finance corporation organized under the laws of the State of Delaware, with a place of business located at 310 Grant Street, Pittsburgh, Pennsylvania 15219.

2. Defendant Garett Alan Neff a/k/a Gary Neff ("Neff") is an adult individual with a last known address of 22 Mountaincrest Drive, Cheshire, Connecticut 06410.

3. Defendant John Mark Schmid ("J. Schmid") is an adult individual with a last known address of 167 Fern Avenue, Litchfield, Connecticut 06759.

{N5522796;2}

4. Defendant David Karl Schmid ("D. Schmid") is an adult individual with a last known address of 4 Old Orchard Way, Tolland, Connecticut 06084.

5. Neff, J. Schmid, and D. Schmid are referred to collectively as "Guarantors."

## Jurisdiction and Venue

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1).

7. Venue is proper in the United States District Court for the District of Connecticut pursuant to 28 U.S.C. §1391(b)(1).

## Factual Background

8. Huntington and Garage Media NY LLC ("Lessee") are parties to that certain Lease No. 001 dated October 26, 2010 (the "Lease Agreement"), pursuant to which, Lessee leases from Huntington a 6,010 square foot Mediamesh digital signage installation as more fully described therein. A true and correct copy of the Lease Agreement is attached hereto marked as **Exhibit A** and is incorporated herein by reference.

9. The terms and conditions of the Lease Agreement were modified pursuant to Amendment No. 1 dated June 13, 2010[1] ("Amendment 1"), Amendment No. 2 dated July 28, 2011 ("Amendment 2"), Amendment No. 3 dated September 1, 2012 ("Amendment 3"), and Amendment dated as of March 31, 2013 ("Amendment 4"), true and correct copies of which are attached hereto marked as **Exhibit B**, **Exhibit C**, **Exhibit D**, and **Exhibit E**, respectively, and are incorporated herein by reference.

10. The Lease Agreement, Amendment 1, Amendment 2, Amendment 3, and Amendment 4 are referred to hereinafter collectively as the "Lease Documents."

11. By the terms and conditions of that certain Guaranty dated October 26, 2010 (the "Guaranty"), Guarantors absolutely and unconditionally guaranteed the full and prompt payment,

---

[1] While this amendment bears a date of June 13, 2010, it was actually executed in June of 2011.

observance, and performance when due of all obligations of Lessee under the Lease Documents. A true and correct copy of the Guaranty is attached hereto marked as **Exhibit F** and is incorporated herein by reference.

12. Huntington Bancshares acquired all the outstanding shares of stock of Macquarie Equipment Finance, Inc. in a transaction closing on or about March 31, 2015. Thereafter, Macquarie Equipment Finance, Inc. changed its name to Huntington Technology Finance, Inc.

13. Lessee is in default of its obligations under the Lease Documents for, among other reasons, failure to make payment of rent, taxes, and other amounts due under the Lease Documents in accordance with the terms thereof.

14. Guarantors are in default under the terms of the Lease Documents and the Guaranty for, among other reasons, failure to make payment to Huntington when due and owing.

15. Section 18 of the Lease Agreement provides that, upon default, Huntington is entitled to payment of a "Lessor's Return" calculated by Huntington as of the date of Huntington's demand, plus all other amounts outstanding under the Lease Documents, together with attorneys' fees and all costs.

16. As of October 1, 2018, the Lessor's Return, plus all other amounts due and payable to Huntington under the Lease Documents by Guarantors, totals $8,302,118.35, which amount may change from day to day, together with attorneys' fees and all costs.

17. By letters sent on various dates from time to time, most recently by letter dated October 2, 2018 (the "Notice"), Huntington furnished the Lessee and Guarantors notice of past due payments under the terms of the Lease Documents and the Guaranty and demanded payment of amounts past due under the Lease Documents. A true and correct copy of the Notice is

attached hereto marked as **Exhibit G** and is incorporated herein by reference. Notwithstanding receipt of the Notice, the Guarantors have failed and/or otherwise refused to pay.

## Count I
## Breach of Contract

18. Huntington incorporates by reference the allegations of Paragraphs 1 through 17 of this Complaint as if more fully set forth herein.

19. As more fully described herein, Guarantors have absolutely and unconditionally guaranteed the payment of all sums due and owing by Lessee to Huntington under the terms and conditions of Lease Documents.

20. Guarantors are in default under the terms and conditions of the Guaranty for, among other reasons, failure to make payments when due in accordance with the terms of the Lease Documents and the Guaranty.

21. Guarantors have expressly waived presentment, demand for payment as to Lessee, and any notice of default respecting Lessee's breach of the Lease Documents.

22. Section 18 of the Lease Agreement provides that, upon Lessee's default, Huntington is entitled to payment of the Lessor's Return plus all other amounts outstanding under the Lease Documents, together with attorneys' fees and all costs.

23. Guarantors has failed or otherwise refused to pay this sum to Huntington, which constitutes a breach of their contract as memorialized in the Guaranty.

**[This space left intentionally blank.]**

{N5522796;2}

WHEREFORE, Plaintiff Huntington Technology Finance, Inc. f/k/a Macquarie Equipment Finance, Inc. f/k/a Macquarie Equipment Finance, LLC respectfully requests that this Court enter judgement in its favor and against Defendants Garett Alan Neff a/k/a Gary Neff, John Mark Schmid, and David Karl Schmid in an amount in excess of $75,000.00 to be determined at trial, plus pre-judgment and post-judgment interest, attorneys' fees, all costs of suit, and such other relief as the Court deems appropriate.

**Carmody Torrance Sandak & Hennessey LLP**

By: _____
Thomas J. Sansone, Esq.
Federal Bar No. ct00671
195 Church Street, 18th Floor
P.O. Box 1950
New Haven, CT 06509-1950
Tel. No.: 203-777-5501
Fax No.: 203-784-3199
tsansone@carmodylaw.com