## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **HUNTINGTON TECHNOLOGY** | **Case No. 3:18-cv-01708-VLB** |
| **FINANCE, INC. f/k/a  MACQUARIE** | |
| **EQUIPMENT FINANCE, INC.** | |
| **f/k/a MACQUARIE EQUIPMENT** | |
| **FINANCE, LLC** | |
| **Plaintiff,** | |
| **vs.** | |
| **GARETT ALAN NEFF a/k/a** | **December 3, 2018** |
| **GARY NEFF, JOHN MARK SCHMID,** | |
| **and DAVID KARL SCHMID** | |
| **Defendants.** | |

## REPORT OF PARTIES' PLANNING MEETING

1

Date Complaint Filed: October 15, 2018

Date Complaint Served: October 26, 2018

Date of Defendants' Appearance: October 26, 2018

Pursuant to Fed. R. Civ. P. 16(b), and D. Conn. L. Civ. R. 16, a conference was held on November 19, 2018.  The participants were: (1) Thomas J. Sansone & Justin M. Tuskan (*pro hac* application pending) for Plaintiff Huntington Technology Finance, Inc. ("<u>Plaintiff</u>" or "<u>Huntington</u>") and (2) Christopher H. Blau and Eric A. Henzy for Defendants Garett Alan Neff, John Mark Schmid, and David Karl Schmid (collectively "<u>Defendants</u>").

I.      Certification.

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II.     Jurisdiction.

A.      *Subject Matter Jurisdiction*. Plaintiff asserts that this Court has subject matter jurisdiction over the instant case pursuant to 28 U.S.C. §1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  Defendants do not know the state of citizenship of the Plaintiff.

2

B.   *Personal Jurisdiction*. The Court may exercise personal jurisdiction over Defendants, as they are residents of the State of Connecticut.


III.   **Brief Description of the Case.**

A.   *Claims of Plaintiff*. Huntington and Garage Media NY LLC ("<u>Lessee</u>") are parties to that certain Lease No. 001 dated October 26, 2010 (the "<u>Lease Agreement</u>"), as amended, pursuant to which Lessee leases from Huntington a 6,010 square foot Mediamesh digital signage installation. By the terms of that certain Guaranty dated October 26, 2010 (the "<u>Guaranty</u>"), Defendants absolutely and unconditionally guaranteed the full and prompt payment, observance, and performance of all obligations of Lessee under the Lease Agreement. Defendants are in default under the terms of the Lease Agreement and the Guaranty for failure to make payment to Huntington when due. Section 18 of the Lease Agreement provides that, upon default, Huntington is entitled to payment of a "<u>Lessor's Return</u>," plus all other amounts outstanding under the Lease Agreement, including attorneys' fees. As of October 1, 2018, the Lessor's Return, plus all other amounts due and payable to Huntington under the Lease Agreement by Defendants, totals $8,302,118.35, exclusive of attorneys' fees and costs. By letters sent on various dates from time to time, most recently by letter dated October 2, 2018, Huntington furnished Lessee and Guarantors notice of past due payments under the terms of the Lease Agreement and the Guaranty and demanded payment of amounts past due thereunder. Notwithstanding, Defendants have failed and/or otherwise refused to pay.

B.    *Defenses and Claims.*

Defendants assert that the amount due on the Guaranty, if any, is significantly overstated. Defendants further assert, among other things, that Huntington and/or its predecessor Macquarie Equipment Finance, Inc. ("Macquarie"), improperly induced the Defendants to enter into the Guaranty, by, among other things, failing to inform the Defendants of matters affecting and increasing the risks associated with the Guaranty that Macquarie had knowledge of; breached their duty of good faith and fair dealing at the time the Guaranty was entered into and subsequent thereto; improperly administered the Lease Agreement so as to significantly increase the Defendants' risks under the Guaranty; and exercised undue influence and control over the management of the obligor under the Lease Agreement so as to significantly increase the Defendants' risks under the Guaranty. The Defendants require discovery from both Huntington and Macquarie to fully understand all defenses, and reserve all rights to assert any and all further defenses based on the facts discovered in this case.

IV.    **Statement of Undisputed Facts.**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are undisputed:

A.    The Lease Agreement was executed by Lessee on October 26, 2010.

B.    The terms and conditions of the Lease Agreement were modified pursuant to Amendment No. 1 dated June 13, 2010, Amendment No. 2 dated July

4

28, 2011, Amendment No. 3 dated September 1, 2012, and Amendment dated as of March 31, 2013.

    C.    The Guaranty was executed by Defendants on October 26, 2010.

V.    **Case Management Plan.**

    A.    *Standing Order on Scheduling in Civil Cases.* The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows: (1) discovery due by May 24, 2019 and (2) dispositive motions due by June 28, 2019.

    B.    *Scheduling Conference with the Court.* The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

    C.    *Early Settlement Conference.* The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time. The parties do not request an early settlement conference. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

    D.    *Joinder of Parties and Amendment of Pleadings.*

        1.    Plaintiff should be allowed until January 31, 2019 to file motions to join additional parties and until January 31, 2019 to file motions to amend the pleadings.

        2.    Defendants should be allowed until January 31, 2019 to file motions to join additional parties and until January 31, 2019 to file motions to amend the pleadings.

E.     *Discovery.*

    a.    The parties anticipate that discovery will be needed on the following subjects: (i) Defendants' alleged default under the Guaranty; (ii) all defenses asserted in connection with the aforesaid default; and, (iii) calculation of damages.

    b.    All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by January 2, 2019 and will be completed (not propounded) by May 24, 2019.

    c.    Discovery will not be conducted in phases.

    d.    The parties anticipate that Plaintiff will require a total of three (3) depositions of fact witnesses and that Defendants will require a total of five (5) depositions of fact witnesses. The depositions will commence by March 1, 2019 and be completed by May 24, 2019.

    e.    The parties will not request permission to serve more than 25 interrogatories.

    f.    Plaintiff does not intend to call expert witnesses at trial, but reserves the right to do so as the case progresses. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by February 4, 2019. Depositions of any such experts will be completed by March 4, 2019.

g.    Defendants intend to call expert witnesses at trial, and reserve the right to do so as the case progresses. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by April 3, 2019. Depositions of any such experts will be completed by May 24, 2019.

h.    A damages analysis will be provided by any party who has a claim or counterclaim for damages by March 1, 2019.

i.    Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information ("ESI"), appropriate steps to preserve ESI, and the allocation of costs of assembling and producing such information. The parties agree to comply with the ESI protocol appended hereto as Exhibit 1.

j.    Undersigned counsel have discussed discovery procedures that minimize the risk of wavier of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production: (i) The producing party shall promptly notify all receiving parties of

7

the inadvertent production of any privileged or trial preparation material. Any receiving party who has reasonable cause to believe that it has received privileged or trial preparation material shall promptly notify the producing party, (ii) Upon receiving notice of inadvertent production, any receiving party shall immediately retrieve all copies of the inadvertently disclosed material and sequester such material pending a resolution of the producing party's claim either by the Court or by agreement of the parties, (iii) If the parties cannot agree as to the claim of privilege, the producing party shall move the Court for a resolution within 30 days of the notice set forth in subparagraph (i).

F.    *Dispositive Motions.* Dispositive motions will be filed on or before June 28, 2019.

G.    *Joint Trial Memorandum.* The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed four weeks before the first day of trial.

## VI.    Trial Readiness

The case will be ready for trial by July 25, 2019.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy, and inexpensive determination of this action.

Plaintiff

By:  /s/ Thomas J. Sansone          Date:  December 3, 2018

Defendants

By: /s/ Christopher H. Blau          Date:  December 3, 2018