# EXHIBIT A

**New York State Department of Taxation and Finance**

**Taxpayer Services Division**

**Technical Services Bureau**

TSB-A-97(66)S
Sales Tax

STATE OF NEW YORK
COMMISSIONER OF TAXATION AND FINANCE

<u>ADVISORY OPINION</u>       <u>PETITION NO. S970806E</u>

On August 6, 1997, the Department of Taxation and Finance received a Petition for Advisory Opinion from DVI Financial Services, Inc., 500 Hyde Park, Doylestown, Pennsylvania 18901. Petitioner, DVI Financial Services, Inc., provided additional information pertaining to the Petition on August 12, 1997.

The issue raised by Petitioner concerns the timing of New York State and local sales or compensating use tax payments with regard to Petitioner's lease and lease-type transactions.

Petitioner submitted the following facts as the basis for this Advisory Opinion and provided samples of the lease agreements in question.

Petitioner is in the business of financing acquisitions of healthcare related equipment by end-users, such as hospitals, ambulatory diagnostic and therapeutic clinics and other healthcare providers. Nearly all of Petitioner's equipment financing transactions have terms ranging from 36 to 72 months and are typically one of two types. These transactions are either true/operating leases, which Petitioner refers to as *fair market value leases*, or financing lease-type transactions, which Petitioner refers to as *conditional sales agreements*. Both of these types of transactions are almost exclusively on a net basis, requiring Petitioner's customers (lessees) to pay, among other items, all sales and use taxes. The sample lease agreements also provide that the lessees independently select suppliers and the equipment at issue. Petitioner does not provide personnel to operate the equipment. (For purposes of this Opinion, it is assumed that Petitioner's customers are not exempt organizations pursuant to Section 1116 of the Tax Law and that the equipment is not exempt from tax.)

Under Petitioner's *fair market value lease* transactions, Petitioner retains the right to again lease or market the equipment at the end of the initial term of the lease, subject to a fair market value purchase or renewal option granted to the lessee. Petitioner and the lessee execute and submit precautionary Uniform Commercial Code (UCC) filings that indicate the true lease status of the transaction. For federal and state income tax purposes and under generally accepted accounting principles (GAAP), Petitioner is considered the owner of the equipment and is entitled to the applicable tax benefits.

In contrast, under Petitioner's *conditional sales agreement* transactions, Petitioner's interest in the equipment is terminated at the end of the initial transaction term. Petitioner and the lessee execute and submit UCC filings that list Petitioner as a secured party and the lessee as the debtor to the transaction. For federal and state income tax purposes and under generally accepted accounting principles, the lessee is considered the owner of the equipment and is entitled to the applicable tax benefits.

TSB-A-97(66)S
Sales Tax

For each of the financing alternatives described, Petitioner questions when it should remit payment of the State and local sales or compensating use taxes to the Department of Taxation and Finance. For example, if Petitioner finances the purchase of a $1 million piece of medical equipment, with payments of $25,000 to be made over a 60-month period: should tax be added to the $25,000 payments and remitted each month; should tax be added to the $1 million cost of the equipment at the inception of the transaction and remitted in total at that time; or should the tax be otherwise computed and remitted?

<u>Applicable Law and Regulations</u>

Section 1101(b) of the Tax Law provides in part:

When used in this article for the purposes of the taxes imposed by subdivisions (a), (b), (c) and (d) of section eleven hundred five and by section eleven hundred ten, the following terms shall mean:

(1) Purchase at retail. A purchase by any person for any purpose other than those set forth in clauses (A) and (B) of subparagraph (i) of paragraph (4) of this subdivision.

\* \* \*

(3) Receipt. The amount of the sale price of any property and the charge for any service taxable under this article, valued in money, whether received in money or otherwise, including any amount for which credit is allowed by the vendor to the purchaser, without any deduction for expenses or early payment discounts and also including any charges by the vendor to the purchaser for shipping or delivery regardless of whether such charges are separately stated in the written contract, if any, or on the bill rendered to such purchaser and regardless of whether such shipping or delivery is provided by such vendor or a third party, but excluding any credit for tangible personal property accepted in part payment and intended for resale ....

(4) Retail sale. (i) A sale of tangible personal property to any person for any purpose, other than (A) for resale as such or as a physical component part of tangible personal property, or (B) for use by that person in performing the services subject to tax under paragraphs (1), (2), (3), (5), (7) and (8) of subdivision (c) of section eleven hundred five....

(5) Sale, selling or purchase. Any transfer of title or possession or both, exchange or barter, rental, lease or license to use or consume ... conditional or otherwise, in any manner or by any means whatsoever for a consideration, or any agreement therefor....

TSB-A-97(66)S
Sales Tax

> (6) Tangible personal property. Corporeal personal property of any nature....
>
> (7) Use. The exercise of any right or power over tangible personal property by the purchaser thereof....

Section 1105(a) of the Tax Law imposes sales tax upon "[t]he receipts from every retail sale of tangible personal property, except as otherwise provided in this article."

Section 1110(a) of the Tax Law imposes compensating use tax, in pertinent part, as follows:

> Except to the extent that property or services have already been or will be subject to the sales tax under this article, there is hereby imposed on every person a use tax for the use within this state ... except as otherwise exempted under this article, (A) of any tangible personal property purchased at retail....

Section 1132(a) of the Tax Law provides that "[e]very person required to collect the tax shall collect the tax from the customer when collecting the price, amusement charge or rent to which it applies." Section 1137(a) provides that the tax shall be paid to the Department at the time of filing the returns required to be filed under Section 1136 of the Tax Law.

Section 526.6(c) of the Sales and Use Tax Regulations in defining "retail sale" provides, in part:

> *Resale exclusion.* (1) Where a person, in the course of his business operations, purchases tangible personal property or services which he intends to sell, either in the form in which purchased, or as a component part of other property or services, the property or services which he has purchased will be considered as purchased for resale, and therefore not subject to tax until he has transferred the property to his customer.

Section 526.7 of the regulations provides, in part:

> **§526.7 Sale, selling or purchase.** *(Tax Law, § 1101(b)(5))* (a) *Definition.* (1) The words *sale, selling* or *purchase* mean any transaction in which there is a transfer of title or possession, or both, of tangible personal property for a consideration.
>
> (2) Among the transactions included in the words *sale, selling* or *purchase* are exchanges, barters, rentals, leases or licenses to use or consume tangible personal property.

\* \* \*

-4-

```
                                                  TSB-A-97(66)S
                                                  Sales Tax
```

(c) *Rentals, leases, licenses to use.* (1) The terms *rental, lease and license to use* refer to all transactions in which there is a transfer for a consideration of possession of tangible personal property without a transfer of title to the property. Whether a transaction is a "sale" or a "rental, lease or license to use" shall be determined in accordance with the provisions of the agreement....

(2) Where a lease ... with an option to purchase has been entered into, and the option is exercised, the tax will be payable on the consideration given when the option is exercised, in addition to the taxes paid or payable on each lease payment.

(3) A lease which has been entered into merely as a security agreement, but which does not in fact represent a transaction in which there has been a transfer of possession from the lessor to the lessee, is not a "sale" within the meaning of the Tax Law.

\* \* \*

(e) *Transfer of possession.*

\* \* \*

(4) *Transfer of possession* with respect to a rental, lease or license to use, means that one of the following attributes of property ownership has been transferred:

(i) custody or possession of the tangible personal property, actual or constructive;

(ii) the right to custody or possession of the tangible personal property;

(iii) the right to use, or control or direct the use of, tangible personal property.

These sections of law and regulations are also applicable to the local sales and compensating use taxes imposed pursuant to the authority of Article 29 of the Tax Law.

Opinion

Under Petitioner's *fair market value lease* transactions, Petitioner is leasing equipment to healthcare providers and, as such, is making retail sales of tangible personal property within the meaning and intent of Sections 1101(b)(4), (5) and (6) of the Tax Law. Accordingly, given Petitioner's example of the purchase of the $1 million piece of medical equipment, New York State and

-5-

local sales taxes must be collected from the lessee on each of the $25,000 monthly payments, at the time of each payment. The taxes are imposed at the combined State and local sales tax rate in effect in the taxing jurisdiction where the equipment is delivered to the lessee. Petitioner must remit the taxes it is required to collect to the Department when filing the sales tax returns that cover the months in question (e.g., the annual, quarterly or part-quarterly returns; see, Tax Law §1136 and 20 NYCRR 533.3).

It is noted that because the *fair market value lease* transactions are subject to sales tax as retail sales, the sales of the healthcare related equipment to Petitioner which are the subject of these leases are considered sales for resale. Therefore, such sales to Petitioner are not subject to New York State and local sales or compensating use taxes. (See, Queens MRI Associates, Adv Op Comm T&F, April 30, 1992, TSB-A-92(37)S.) If this equipment is purchased by Petitioner in New York State, Petitioner must furnish the seller with a properly completed *Resale Certificate* (see, Tax Law §1132(c) and 20 NYCRR 532.4).

Concerning Petitioner's *conditional sales agreement* transactions, Section 526.7(c)(3) of the Sales and Use Tax Regulations, in defining "sale, selling or purchase," recognizes that certain lease-type transactions entered into merely as security or financing agreements are not sales within the meaning and intent of the Tax Law. (See, Cantor Fitzgerald Securities, Adv Op Comm T&F, October 10, 1996, TSB-A-96(68)S. In determining whether Petitioner's *conditional sales agreement* transactions constitute security or financing agreements and as such would not be subject to State and local sales or compensating use taxes, the "pivotal issue" is to ascertain whether Petitioner is acting as a financing agency, and not as a buyer and subsequent seller/lessor of the healthcare related equipment. The proper method for analyzing these transactions is to look through the form of the lease agreements and to examine the intent of the parties and the facts and circumstances that exist at the time of each transaction. (See, Cantor Fitzgerald Securities, supra; Matter of Sherwood Diversified Services, Inc., Debtor, 382 F. Supp. 1359; Clayton Funding Corporation, Tax App Trib, July 8, 1993, TSB-D-93(31)S; Eastman Kodak Company, Adv Op Comm T&F, March 12, 1990, TSB-A-90(8)S; General Electric Capital Corporation, Adv Op Comm T&F, April 4, 1994, TSB-A-94(14)S. See, also, Sections 1-201(37) ["Security interest"] and 2-104(2) ["Financing agency"] of the New York State Uniform Commercial Code.)

In those instances where the intentions of the parties and the facts and circumstances surrounding Petitioner's *conditional sales agreement* transactions clearly establish that such transactions are merely security or financing agreements and that Petitioner is acting only as a financing agency, the transactions would not be subject to State and local sales and compensating use taxes. State and local sales or use taxes would be imposed, however, at the time of the initial sale or use of the equipment in New York State.

In Petitioner's *conditional sales agreement* transaction, Petitioner indicates that its interest in the equipment is terminated at the end of the initial transaction term. Thus, Petitioner had an interest at the beginning of the term. Assuming that Petitioner's interest was initially an ownership interest and that Petitioner sold the equipment to the purchaser and entered into the *conditional sales agreement* described, Petitioner would be required to

-6-

```
                                              TSB-A-97(66)S
                                              Sales Tax
```

collect sales tax on the full sales price of the equipment at the time of the sale and remit such tax with the return for the period which includes the date of sale. No tax would be due on the monthly payments to Petitioner. If Petitioner's interest at the beginning of the term were merely that of a lender, then the monthly payments to Petitioner would likewise not be subject to sales tax. However, the person selling the equipment to Petitioner's lessee would be required to collect and remit the tax, provided such person qualified as a vendor under Section 1101(b)(8) of the Tax Law. Given Petitioner's example, no sales taxes are imposed on the $25,000 monthly payments. State and local sales taxes are imposed at the time of the sale of the medical equipment on the full $1 million sales price if the equipment is delivered in New York State. If the equipment is not delivered in New York but is subsequently brought into this State for use here, State and local compensating use taxes are imposed on the user, presumably the lessee, at the time of such use on the $1 million consideration paid for the equipment, provided the user was a resident of the State at the time of purchase. (See Section 1118(2) of the Tax Law. Section 1111 of the Tax Law provides special rules for computing consideration of tangible personal property that is first used outside of New York State. These special rules, although noteworthy, are not at issue in this Opinion.)

The sales or compensating use taxes, as the case may be, are imposed at the combined New York State and local tax rate in effect in the taxing jurisdiction where the equipment is delivered or used. These taxes must be remitted to the Department when filing the sales tax return or, if the person filing is not a vendor, the use tax return that covers the period in which the taxable event occurs (see, Tax Law §1136, and 20 NYCRR 533.3 and 531.6).


DATED: November 4, 1997
                                    /s/
                                    John W. Bartlett
                                    Deputy Director
                                    Technical Services Bureau


NOTE:       The opinions expressed in Advisory Opinions
            are limited to the facts set forth therein.