# EXHIBIT 3

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HUNTINGTON TECHNOLOGY FINANCE, INC. f/k/a MACQUARIE EQUIPMENT FINANCE, INC. f/k/a MACQUARIE EQUIPMENT FINANCE, LLC, | : : : : : | Case No. 3:18-cv-01708 (VLB) |
| Plaintiff, | : | |
| v. | : | |
| GARRETT ALAN NEFF a/k/a GARY NEFF, JOHN MARK SCHMID, and DAVID KARL SCHMID, | : : : | |
| Defendants. | : | December 17, 2018 |

## DEFENDANTS' 
## ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

The defendants Garrett Neff, John Schmid and David Schmid (collectively, the "Defendants"), respond to the Complaint filed on October 15, 2018 (Document # 1, the "Complaint"), by the plaintiff Huntington Technology Finance, Inc. f/k/a/ Macquarie Equipment Finance, Inc. f/k/a Macquarie Equipment Finance, LLC (the "Plaintiff"), as follows:

PARTIES

1.  The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted in paragraph 1 of the Complaint.

2.  The Defendants admit the allegations asserted in paragraph 2 of the Complaint.

3.  The Defendants admit the allegations asserted in paragraph 3 of the Complaint.

4.  The Defendants admit the allegations asserted in paragraph 4 of the Complaint.

5.  Paragraph 5 of the Complaint contains a statement to which no response is required.

JURISDICTION AND VENUE

6.  The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation asserted in paragraph 6 of the Complaint.

7.  The Defendants admit the allegation asserted in paragraph 7 of the Complaint.

FACTUAL BACKGROUND

8.  The Defendants deny the allegation asserted in paragraph 8 of the Complaint that Garage Media NY LLC ("GMNY") leases a 6,010 square foot Mediamesh digital signage installation from the Plaintiff pursuant to the Lease Agreement (as defined in the Complaint). The Defendants admit the remaining allegations asserted in paragraph 8 of the Complaint.

9.  The Defendants admit the allegations asserted in paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint contains a statement to which no response is required.

11. Paragraph 11 of the Complaint contains Plaintiff's statement of the case, legal conclusions and characterizations of a document, to which no response is required. To the extent that a response is deemed required, the Defendants deny that the Guaranty (as defined in the Complaint) anywhere states that obligations under "the Lease Documents" are guaranteed. The Defendants admit that a true and correct copy of the Guaranty is attached to the Complaint and marked as Exhibit F.

12. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation asserted in paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint contains Plaintiff's statement of the case, legal conclusions and characterizations of a document, to which no response is required. To the extent that a response is deemed required, the Defendants admit that certain payments of rent and taxes due under the Lease Documents (as defined in the Complaint) were not made by GMNY. The Defendants lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations asserted in paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint contains Plaintiff's statement of the case, legal conclusions and characterizations of a document, to which no response is required. To the extent that a response is deemed required, the Defendants deny the allegations asserted in paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint contains characterizations of a document, to which no response is required. To the extent that a response is deemed required, the Defendants admit the allegations asserted in paragraph 15 of the Complaint.

16. The Defendants deny the allegations asserted in paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint contains characterizations of a document, to which no response is required. To the extent that a response is deemed required, the Defendants admit the allegations asserted in paragraph 17 of the Complaint.

COUNT I—BREACH OF CONTRACT

18. Paragraph 18 of the Complaint contains a statement to which no response is required.

19. Paragraph 19 of the Complaint contains Plaintiff's statement of the case, legal conclusions and characterizations of a document, to which no response is required. To the extent that a response is deemed required, the Defendants deny that the Guaranty anywhere states that obligations under "Lease Documents" are guaranteed, as that term appears nowhere in the Guaranty.

20. Paragraph 20 of the Complaint contains Plaintiff's statement of the case, legal conclusions and characterizations of a document, to which no response is required. To the extent that a response is deemed required, the Defendants deny the allegations asserted in paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint contains characterizations of a document, to which no response is required. To the extent that a response is deemed required, the Defendants deny that they have expressly waived presentment.

22. Paragraph 22 of the Complaint contains characterizations of a document, to which no response is required. To the extent that a response is deemed required, the Defendants admit the allegations asserted in paragraph 22 of the Complaint.

23. The Defendants deny the allegations asserted in paragraph 23 of the Complaint.

PRAYER FOR RELIEF

24. The remainder of the Complaint constitutes the Plaintiff's request for relief to which no responsive pleading is required. To the extent that a responsive pleading is required, the Defendants deny that the Plaintiff is entitled to the relief sought.

25. All allegations made in the Complaint that have not been specifically admitted are hereby denied.

**FIRST AFFIRMATIVE DEFENSE**

26. GMNY is a New York limited liability company. The sole member of GMNY is Garage Media LLC ("GMCT").

27. GMCT is a Connecticut limited liability company. The Defendants are members of GMCT.

28. On October 26, 2010, GMNY entered into the Lease Agreement with Macquarie Equipment Finance, LLC ("Macquarie"), for the purpose of borrowing money from Macquarie primarily in order to purchase and pay for the construction of a 6,010 square foot Mediamesh sign to be attached to the outside of the Port Authority Bus Terminal in New York City (the "Sign"). The sign was purchased from and installed by GKD-USA, Inc. ("GKD"). The Lease Agreement was Macquarie's standard form document, and GMNY had little or no opportunity to negotiate the terms of the Lease Agreement.

29. Paragraph 24 of the Lease Agreement provides in part: "Quiet Enjoyment. So long as no Event of Default is continuing, Lessor [Macquarie] will not interfere with Lessee's [GMNY] quiet enjoyment of the Equipment [the Sign]."

30. In connection with the execution of the Lease Agreement, the Defendants signed the Guaranty on October 26, 2010. The Guaranty was Macquarie's standard form document, and the Defendants had no opportunity to negotiate the terms of the Guaranty.

31.     Also in connection with the execution of the Lease Agreement, on October 26, 2010, to secure its obligations under the Lease Agreement GMCT entered into a Pledge and Security Agreement pursuant to which it, among other things, granted Macquarie a lien on, security interest in, and right of setoff against, among other property, general intangibles and "all of the stock, shares, membership interests, partnership interests and other equity ownership interests in [GMNY] now or hereafter held by [GMCT] (collectively, the "Ownership Interests") and all of [GMCT]'s rights to participate in the management of [GMNY], [and] all rights, privileges, authority and powers of [GMCT] as owner or holder of Ownership Interests in [GMNY] . . . ."

32.     Also in connection with the execution of the Lease Agreement, on October 26, 2010, GMCT executed a pledge of its ownership interest in GMNY, which pledge was retained by Macquarie.

33.     Also in connection with the execution of the Lease Agreement, on October 26, 2010, the Defendants entered into a Pledge Agreement pursuant to which they, among other things, granted Macquarie a lien on, security interest in, and right of setoff against, among other property, "all of the stock, shares, membership interests, partnership interests and other equity ownership interests in [GMCT] now or hereafter held by [the Defendants] (collectively, the "Ownership Interests") and all of [the Defendants]' rights to participate in the management of [GMCT], [and] all rights, privileges, authority and powers of [the Defendants] as owner or holder of Ownership Interests in [GMCT] . . . ."

34.     Also in connection with the execution of the Lease Agreement, on October 26, 2010, the Defendants executed a pledge of their ownership interests in GMCT, which pledge was retained by Macquarie.

35. The Sign went "live" on June 10, 2010. In July, 2011, the first of a long series of system failures with the Sign occurred. The Sign has experienced dozens of significant technical problems and system failures, which has led to the loss of business and revenue for GMNY. GKD has performed service on the sign, but never fully remedied the problems with the sign.

36. Beginning in or around April, 2013, and continuing through April, 2014, notwithstanding that GMNY had paid all amounts due under the Lease Agreement and was thus entitled to quiet enjoyment of its property and business, Macquarie pressured GMNY to replace its then sales agent, A2a Media, Inc. In light of Macquarie's control position through its security interests and pledges of ownership interests, GMNY felt that it had no choice but to accede to Macquarie's desire for a change in sales agents. From late 2013 and into 2014, Macquarie participated extensively in the search for a new sales agent, and in April 2014 GMNY terminated A2a and retained Clear Channel as its sales agent.

37. In 2014, GMNY considered suing GKD due to the repeated failures with the Sign. In February, 2014, notwithstanding that as of 2014 GMNY had paid all amounts due under the Lease Agreement and was thus entitled to quiet enjoyment of its property and business, Macquarie proceeded as if it owned any claims against GKD and threatened to take legal action against GKD if the problems with the Sign were not remedied. In light of Macquarie's control position through its security interests and pledges of ownership interests, GMNY felt that it had no choice but to accede to Macquarie's exercise of control over any claims against GKD, and acceded to the decision that no claims would be pursued against GKD.

38. After GMNY retained Clear Channel, GMNY's sales dropped by approximately 50%, or more than $1 million per year. In September, 2015, Clear Channel expressed an interest in acquiring GMNY. Macquarie saw such an acquisition as an opportunity for Macquarie to be

7

paid the full amount of its loan quickly, and so Macquarie pressured GMNY to continue to employ Clear Channel as GMNY's sales agent notwithstanding that GMNY's sales had dropped significantly following the retention of Clear Channel.

39. Notwithstanding that Macquarie had promised that GMNY would have quiet enjoyment of its property and business, Macquarie exercised a high degree of control over GMNY's day-to-day operations. Through its control position through its security interests and pledges of ownership interests, Macquarie interfered with and manipulated GMNY's business decisions in order to pursue its own interests, which resulted in significant harm to GMNY's business and ability to perform under the Lease Agreement.

40. In order to induce the Defendants to enter into the Guaranty, Macquarie falsely stated in the Lease Agreement that GMNY would have quiet enjoyment of its business and property, i.e., that GMNY would be able to run its business as it saw fit without interference from Macquarie.

41. Macquarie's statement that GMNY would have quiet enjoyment of its business and properties was material to the Defendants decision to sign the Guaranty.

42. The Defendants reasonably relied on Macquarie's statement that GMNY would have quiet enjoyment of its business and property.

43. The Defendants were damaged by Macquarie's false statement that GMNY would have quiet enjoyment of its business and property, as they would not have entered into the Guaranty if they had known that Macquarie would exercise a high degree of control over GMNY's operations in a way that would harm GMNY's business and ability to perform under the Lease Agreement.

## SECOND AFFIRMATIVE DEFENSE

44. The Defendants repeat and reallege the assertions made in paragraphs 26 through 43 as if fully set forth herein.

45. The Lease Agreement and the Guaranty are governed by Article 9 of the New York Uniform Commercial Code.

46. The Plaintiff breached its duty of good faith and fair dealing to the Defendants.

## THIRD AFFIRMATIVE DEFENSE

47. The Defendants repeat and reallege the assertions made in paragraphs 26 through 46 as if fully set forth herein.

49. The Plaintiff breached its duty to act in a commercially reasonable manner.

## RESERVATION OF RIGHTS

The Defendants reserve the right to amend their answer to assert defenses, affirmative or otherwise, as the Defendants discover facts and as the Plaintiff's claims are clarified during the course of this litigation.

WHEREFORE, the Defendants requests that the Court enter judgment in favor of the Defendants and deny the Plaintiff's request for relief, dismiss the Complaint with prejudice, and

grant the Defendants such other and further relief as is just.

Dated at Bridgeport, Connecticut, this 17th day of December, 2018.

> GARY NEFF, JOHN SCHMID AND
> DAVID SCHMID
>
> By  /s/ Eric Henzy
> Eric Henzy (Federal Bar No. ct12849
> Christopher Blau (Federal Bar No. ct30120)
> Zeisler & Zeisler, P.C.
> 10 Middle Street, 15th Floor
> Bridgeport, CT  06604
> ehenzy@zeislaw.com
> cblau@zeislaw.com
> Their Attorneys

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HUNTINGTON TECHNOLOGY FINANCE, INC. f/k/a MACQUARIE EQUIPMENT FINANCE, INC. f/k/a MACQUARIE EQUIPMENT FINANCE, LLC, | : : : : : | Case No. 3:18-cv-01708 (VLB) |
| Plaintiff, | : | |
| v. | : | |
| GARRETT ALAN NEFF a/k/a GARY NEFF, JOHN MARK SCHMID, and DAVID KARL SCHMID, | : : : | |
| Defendants. | : | December 17, 2018 |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 17th day of December, 2018, the foregoing Answer and Affirmative Defenses was electronically filed with the United States District Court, District of Connecticut. Notice of this filing will be sent electronically to all registered e-filers in this case by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

By */s/ Eric Henzy*
Eric Henzy (Federal Bar No. ct12849)