# EXHIBIT 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HUNTINGTON TECHNOLOGY FINANCE, INC., f/k/a MACQUARIE EQUIPMENT FINANCE, INC., f/k/a MACQUARIE EQUIPMENT FINANCE, LLC, | : | CIVIL ACTION NO. 3:18-cv-01708-VLB |
| Plaintiff, | : | |
| vs. | : | |
| GARETT ALAN NEFF a/k/a GARY NEFF, JOHN MARK SCHMID, and DAVID KARL SCHMID, | : | July 26, 2019 |
| Defendants, | : | |

**DECLARATION OF GARETT ALAN NEFF IN SUPPORT
OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to 28 U.S.C. § 1746, I, Garett Alan Neff, hereby declare under penalty of perjury that the following is true and correct:

1. I am an individual with a home address in the State of Connecticut.

2. The defendants in this action, John Schmid, David Schmid and I, are members of Garage Media, LLC ("GMCT"), a Connecticut limited liability company that was formed on or about January 15, 2009.

3. GMCT is the sole member of Garage Media NY LLC ("GMNY"), a New York limited liability company that was formed on or about October 5, 2010.

4. GMNY was formed for the purpose of owning and operating a Mediamesh sign (the "Sign") on the Port Authority Bus Terminal in New York City.

5. In order to finance the purchase and installation of the Sign, on October 26, 2010, GMNY entered into that certain Lease No. 001 (as amended, the "Lease Documents"), dated October

26, 2010, with the Plaintiff in this action. GMNY borrowed $7,041,952.00 from the Plaintiff, $1,050,000.00 of which was used to fund a security deposit to secure GMNY's obligations to the Plaintiff.

6. GMNY made payments to the Plaintiff under the Lease Documents totalling $5,522,724.81. Approximately $490,141.82 of this amount was on account of sales taxes collected by the Plaintiff for payment to the applicable government entities. In addition, the Plaintiff applied the above-described $1,050,000.00 security deposit to GMNY's obligations under the Lease Documents.

7. On its federal and state tax returns, GMNY treated the Lease Documents as a financing arrangement, in that it included the Sign as an asset on its balance sheet, included the amount due under the Lease Documents as a liability on its balance sheet, and claimed deprecation with respect to the Sign. GMNY provided copies of its federal and state tax returns to the Plaintiff.

8. In August, 2010, prior to the closing of the Lease Documents on October 26, 2010, Patty Magrin, an employee of the Plaintiff, advised me that state and local sales taxes on the transaction were payable on the monthly payment, to be made under the Lease Documents, rather than in a lump sum at the time of the purchase of the Sign.

9. The Sign went "live" on June 10, 2010. In July, 2011, the first of a long series of system failures with the Sign occurred. The Sign has experienced dozens of significant technical problems and system failures. Based on, among other reasons, these system failures, design issues, and increasing competition in the New York City advertising sign market, GMNY was unable to earn sufficient sums from selling advertising on the Sign to service the debt due the Plaintiff and cover operating costs. Since February, 2015, GMNY has made four payments to the Plaintiff under the Lease Documents.

10. Between February, 2015, and October 2, 2018, the Plaintiff did not send a written notice to GMNY that GMNY had failed to pay any Rental Payment (as defined in the Lease Documents) or

2

other amounts due under the Lease Documents.

11. Monthly invoices that the Plaintiff sent to GMNY from October, 2015, through March, 2018, did not include any amount due for late or default interest.

12. An aging report that the Plaintiff sent to GMNY on June 27, 2016, at the request of GMNY did not state that any amount was due for late or default interest.

13. Prior to October 2, 2018, the Plaintiff never made a demand for payment of late or default interest and never gave GMNY any indication or notice that the Plaintiff asserted that default or late interest was payable or accruing.

14. Until October 2, 2018, the Plaintiff never notified GMNY of the occurrence of an Event of Default under the Lease Documents or sought to exercise it remedies under Paragraph 18 of the Lease Agreement.

15. I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct to the best of my knowledge and information.

[SIGNATURE FOLLOWS ON NEXT PAGE]

Dated this 25 day of July, 2019, in New York, New York.

_____
Garett Alan Neff

STATE OF NEW YORK     :
                      :   ss:
COUNTY OF Suffolk     :

Before me, the undersigned, this 25th day of July, 2019, personally appeared, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged that she executed the same for the purposes therein contained as her free act and deed.

In witness whereof, I hereunto set my hand.

_____
Notary Public/Commissioner of the Superior Court
Exp. 2/28/23

[Notary Seal: CHRISTINA M CRUCETA, NOTARY, NO. 01CR6236550, QUALIFIED IN SUFFOLK COUNTY, STATE OF NEW YORK]

4