# EXHIBIT 7

## GUARANTY
### October 26, 2010

| **Obligor:** | **Macquarie:** | **Guarantor:** |
|---|---|---|
| Garage Media NY LLC | Macquarie Equipment Finance, LLC | Garage Media, LLC |
| 1 Union Place | 2285 Franklin Road, Suite 100 | 1 Union Place |
| Hartford, CT 06103 | Bloomfield Hills, MI 48302 | Hartford, CT 06103 |

**1. Agreements.** The "Agreements" are any and all of the various agreements, instruments, documents, or other arrangements, now or hereinafter arising, or from time to time in effect, by Obligor in favor of Macquarie or which Macquarie may be entitled to the benefit of, including such as are executed, entered into, or made by Obligor directly with or to Macquarie, or of which Macquarie is a third-party beneficiary, or which may be assigned or collaterally assigned, in whole or in part, to Macquarie, including any promissory notes, any personal property leases, and also including any security agreements, collateral agreements, or other agreements entered into in connection with or in furtherance of any of the foregoing or otherwise providing for additional collateral or security to Macquarie, in connection with a loan, lease, or other financial accommodation made by Macquarie to or for Obligor, or in connection with any other transaction to which Obligor is a party or otherwise bound, whether any of the foregoing are written or oral or electronic or otherwise established.

**2. Guaranty.** As Guarantor will derive commercial benefit from the provisions of this Guaranty, and in order to induce Macquarie to enter into the Agreements, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Guarantor unconditionally guarantees to Macquarie the full and prompt payment, observance and performance when due of all obligations of Obligor arising under the Agreements (collectively, the "Guaranteed Obligations"). This Guaranty is absolute, continuing, unlimited, and independent, and shall not be affected, diminished or released for any reason whatsoever, including the following: (a) any invalidity or lack of enforceability of any of the Guaranteed Obligations; or (b) the absence of any attempt by Macquarie to collect any of the Guaranteed Obligations from Obligor or any other guarantor of the Guaranteed Obligations, or the absence of any other action to enforce the same; or (c) the renewal, extension, acceleration or any other change in the time for payment of, or other terms relating to the Guaranteed Obligations; or (d) any modification, amendment, waiver, or other change of the terms of the Agreements, including any such modification, amendment, waiver, or change which expands or increases Guarantor's obligations under this Guaranty; or (e) the failure by Macquarie to take any steps to perfect and maintain any security interest in, or to preserve its rights to, any security or collateral relating to the Guaranteed Obligations; or (f) any action affecting Obligor or any other guarantor of the Guaranteed Obligations; or (g) any judicial or governmental action affecting Obligor or the Guaranteed Obligations, including Obligor's release from the Guaranteed Obligations or the rejection or disaffirmance of the Agreements or other agreement or any of the terms thereof; or (h) any disability, defense or cessation of the liability of Obligor; or (i) any assignment or transfer of any rights relating to the Guaranteed Obligations; or (j) any other circumstance which might otherwise constitute a defense or a discharge of Obligor, Guarantor or any other guarantor of the Guaranteed Obligations, including the disallowance of all or any portion of Macquarie's claims for payment or performance of the Guaranteed Obligations under Section 502 of Title 11 of the United States Code.

**3. Waivers; Subordination.** Guarantor waives demand, protest or notice of any default or nonperformance by Obligor, all affirmative defenses, offsets and counterclaims against Macquarie, any right to the benefit of any security, and any requirement that Macquarie proceed first against Obligor, any

other guarantor of the Guaranteed Obligations, or any collateral security. So long as any Guaranteed Obligations remain outstanding, Guarantor hereby unconditionally and irrevocably waives and releases any and all claims against Obligor now or hereafter arising out of or related directly or indirectly to any of the obligations of Guarantor under this Guaranty or any liabilities of Obligor to Macquarie, including any and all such claims arising from rights of subrogation, indemnity, reimbursement, contribution or setoff of Guarantor against Obligor, whether arising by contract or otherwise.

Guarantor hereby unconditionally and irrevocably subordinates any and all claims and rights it has or may have against Obligor now or hereafter however arising, including such as arise out of or relate directly or indirectly to any of the obligations of Guarantor under any other guaranty of Obligor's obligations to any other person, whether as a result of subrogation, indemnity, reimbursement, contribution or setoff, and whether arising by contract or otherwise.

**4. Payments.** Guarantor agrees that all payments made or required to be made or otherwise payable by Obligor or Guarantor to Macquarie on any of the Guaranteed Obligations will, when made, be final. Guarantor agrees that if any Payment is recovered from or repaid by Macquarie, in whole or in part, in any bankruptcy, insolvency or other proceeding instituted by or against Obligor or Guarantor or any other guarantor of the Guaranteed Obligations, or any creditor of any of theirs, this Guaranty shall continue to be fully applicable to the Guaranteed Obligations to the same extent as though the payment so recovered or repaid had never been originally made.

**5. Continuing Guaranty.** This is a continuing Guaranty and shall not be revoked or terminated by Guarantor so long as any amount owed to Macquarie under the Agreements remains unpaid. Accordingly, this Guaranty shall not be satisfied by any intermediate payment of any Guaranteed Obligation, but shall remain in full force and effect until all Guaranteed Obligations which may at any time or from time to time be outstanding have been satisfied in full.

**6. Assignment.** This Guaranty may not be assigned by Guarantor without Macquarie's prior written consent. Macquarie shall have the unqualified right to assign this Guaranty or any portion hereof or any benefits hereunder to any party, without the consent of Guarantor or Obligor. Macquarie's Assignee shall have all of the rights, privileges and powers granted hereunder to Macquarie and shall have the right to rely upon this Guaranty. This Guaranty shall be binding upon, and inure to the benefit of, Guarantor and Macquarie and their respective successors and assigns.

**7. Costs.** Guarantor agrees to pay all costs and expenses, including all court costs and legal fees and expenses incurred by Macquarie in connection with the enforcement of this Guaranty (on an indemnity basis).

**8. Interpretation.** This document contains the entire agreement of the parties concerning the guaranty of the Guaranteed Obligations by Guarantor, and may not be amended or modified except by a writing signed by Guarantor and Macquarie. The section headings and captions contained herein are for purposes of reference and convenience only and shall not in any way affect the meaning or interpretation of this Guaranty. This Guaranty may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. None of the waivers, limitations, agreements, or other terms made or agreed to by Guarantor in the various provisions of this Guaranty shall limit or affect the extent of the waivers, limitations, agreements, or other terms made or agreed to by Guarantor elsewhere in this Guaranty. The performance of any obligation required of Guarantor hereunder may be waived only by a written waiver signed by Macquarie, and such waiver shall be effective only with respect to the specific obligation described. The waiver by Macquarie of a

breach of any provision of this Guaranty by Guarantor shall not operate or be construed as a waiver of any subsequent breach of the same provision or another provision of this Guaranty. As to each Guaranteed Obligation, this Guaranty shall become effective automatically and without further action (and, for the avoidance of doubt, without notice thereof to Guarantor or notice of the acceptance by Macquarie of this Guaranty). In this Guaranty: the singular shall include the plural, and *vice versa*; the use of any gender shall be applicable to all genders; and terms of inclusion are without limitation. The English language shall be the language used for the interpretation of and the giving of all notices under this Guaranty.

**9. Choice of Law.** This Guaranty shall be governed by the internal laws (as opposed to conflicts of law provisions) of the State of New York, USA provided that nothing contained herein shall prevent Macquarie from proceeding at its election against Guarantor in the courts of any other jurisdiction. If any provision of this Guaranty shall be prohibited by or invalid under that law, such provision shall be ineffective only to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Guaranty. Guarantor hereby unconditionally and irrevocably consents to the jurisdiction of any courts of record having jurisdiction within the State of New York, USA and waives any objection relating to improper venue or *forum non conveniens* to the conduct of any proceeding in any such court. **The parties hereby irrevocably and unconditionally waive trial by jury in any legal action or proceeding brought to enforce or defend this Guaranty.**

**Garage Media, LLC**

By: _____

Name: Garret Neff

Title: Member

Date: 10/26/10

Y:\nmk\ag\80068936.DOC
80068936